## HARLOUS WHITING *vs.* HENRY D. GRAY.

Under *St.* 1838, *c.* 163, § 4, an appeal from a decision of a judge of probate or master in chancery, rejecting a claim against the estate of an insolvent debtor, cannot be taken to the supreme judicial court, unless the debt demanded exceeds the sum of $300 on the day of the first publication of notice, by the messenger, that a warrant has issued against the debtor.

THIS was an appeal from the decision of a master in chancery, disallowing a claim made by the appellant on the estate of John C. Cook, an insolvent debtor, which was assigned to the appellee, under *St.* 1838, *c.* 163. The claim was on the following note, indorsed by said Cook, and by him delivered to the appellant: "Boston, June 12, 1839. Thirty days and grace after date, I promise to pay my own order three hundred dollars, value received. Jno. C. Cook."

It was agreed by the parties, that before the said note became due and payable, said Cook's estate was duly assigned to the appellee, under *St.* 1838, *c.* 163, and was insufficient to pay his debts in full; that the first publication of notice of his insolvency was made according to law, on the 12th of July 1839; that the appellee was duly chosen assignee of his estate; that the appellant presented said note, as a claim against said Cook's estate; and that said claim was disallowed by a master in chancery.

· The facts, on which the validity of the appellant's claim was contested, were also agreed by the parties.

*Andrew*, for the appellant.

*G. G. Hubbard*, for the appellee.

SHAW, C. J. The first question is, whether the appeal, in this case, from the decision of the master in chancery, disallowing the appellant's claim upon the estate of Cook, the insolvent debtor, was rightly taken to this court.

By the insolvent law, (*St.* 1838, *c.* 163, § 4,) such appeal shall be heard and determined in the supreme judicial court, "if the debt demanded shall exceed the sum of three hundred dollars;" otherwise, in the court of common pleas. By § 3, the debt is to be proved and allowed, as it stood on the day

of the first publication of notice of the insolvency; and all debts then absolutely due, although not payable till afterwards, may be proved and allowed as if payable presently with a discount or rebate of interest, when no interest is payable by the contract, until the time when the debt would become payable.

The appellant's claim was on a note for $300, not drawing interest, and wanting three days of being due at the time of the first publication of notice. The deduction of three days' interest would reduce this claim below $300. Even without this deduction, it would be exactly $300. But, to warrant an appeal to this court, it must "exceed" the sum of $300. The appeal should have been to the court of common pleas, under the alternative clause in the statute; and this court has no jurisdiction of the other question raised in the case.

*Appeal dismissed.*